## WEIL–McLAIN CO. v. AMERICAN RADIATOR CO.
### Patent Appeal No. 2909.

Court of Customs and Patent Appeals.
April 11, 1932.

Low & Low, of Washington, D. C. (Joseph Harris, of Chicago, Ill., of counsel), for appellant.

Conrad A. Dieterich, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The issue to be decided in this case arises in a trade-mark opposition proceeding instituted in the United States Patent Office, wherein the appellant opposed appellee in its application for registration of its alleged trade-mark used upon square, sectional, house-heating boilers, which mark is described in applicant's application as follows: "The trade-mark consists in a band of red color interposed between contrastingly colored ends of a boiler."

The record shows that, as the mark was used and published, it consisted of a band of red color interposed between contrastingly colored ends of a boiler which is said to be applied by painting, printing, enameling, or otherwise marking the same directly upon the boiler or the jackets or coverings thereof. It is stated in appellee's brief that, before any testimony was taken, it amended its application limiting the mark to a band of red color interposed between black end bands. Such amendment does not appear in the record, but the case has been tried below and here upon the theory that applicant's mark is limited to black end bands and we will so regard it.

Both parties are now engaged and have been engaged for many years in the manufacture of household heating boilers, particularly boilers of the vertical sectional type. There is no dispute but that the goods which both parties make and sell are of the same descriptive properties, and that the opposer, prior to the alleged date of adoption of appellee's alleged mark, had manufactured and sold boilers of the type in question, its boilers having black ends with intermediate gray portions.

The notice of opposition proceeds upon the theory that the applicant's alleged mark is publici juris, is descriptive of applicant's goods, performs a utilitarian purpose, and that the registration of the trademark, which implies a monopoly in appellee, would handicap appellant and interfere with its legitimate rights in merchandising its product.

It is conceded that the applicant, appellee, was the first in the trade to use the combination of red and black. The black ends of the boiler referred to consist of the end plates. The band of red is that portion of the boiler between the end plates which constitutes the jacket covering over the insulating material on the boiler. The so-called red band varies in dimensions and location with the size and type of boiler. It appears from the record that it is desirable that the ends remain black or some dark color in order that the same will not become discolored and unsightly around the doors and openings. It is conceded that it is customary and necessary to paint the jackets some color for the purpose of preventing rust and for the purpose of ornamentation.

The Commissioner of Patents overruled the decision of the Examiner of Interferences, which decision sustained the opposition and adjudged applicant not entitled to registration. The Commissioner held that the opposition should be dismissed and that the mark be registered. From the Commissioner's decision appellant opposer appealed here. In his decision the Commissioner said: "It seems clear enough in consequence that the opposer has no standing in this proceeding since it is not using anything which conflicts with the mark of the applicant or anything which it will be precluded from or damaged by using if this registration is granted. Arkell Safety Bag Co. v. Safepack Mills, 53 App. D. C. 218, 289 F. 616, 314 O. G. 3."

It is clear to us that the applicant's alleged mark is not entitled to registration. We think the subject-matter of the mark is an integral part of the article and is publici juris; [1] that it is descriptive of the goods upon which its alleged use occurs; [2] and that it has one or more utilitarian purposes.[3]

[1] A. Leschen & Sons Rope Co. v. American Steel & Wire Co. of New Jersey, 55 F.(2d) 455, 19 C. C. P. A. ——; In re General Petroleum Corp. of California, 49 F.(2d) 966, 18 C. C. P. A. 1444; In re Sun-Oil Co., 49 F.(2d) 965, 18 C. C. P. A. 1421; In re Walker-Gordon Laboratory Co., 53 F.(2d) 548, 19 C. C. P. A. ——; In re Dennison Mfg. Co., 39 F.(2d) 720, 17 C. C. P. A. 987; In re Waterman, 34 App. D. C. 185, 18 Ann. Cas. 1033; Parker Pen Co. v. Finstone (D. C.) 7 F.(2d) 753.
[2] California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; In re General Petroleum Corp. of Calif, supra; In re Sun Oil Co., supra; In re Vertex Hosiery Mills, Inc., 45 F.(2d) 249, 18 C. C. P. A. 725.
[3] In re Walker-Gordon Laboratory Co., supra; In re Vertex Hosiery Mills, Inc., supra; In re Oneida Community, 41 App. D. C. 260; Herz v. Loewenstein, 40 App. D. C. 277.

■ The Commissioner was in error in dismissing the opposition upon the ground that the opposer had no standing "since it is not using anything which conflicts with the mark of the applicant nor anything which it will be precluded from or damaged by using if this registration is granted." We have gone so thoroughly into this question in United Shoe Machinery Corp. v. Compo Shoe Machinery Corp., 56 F.(2d) 292, 19 C. C. P. A. ——, and Model Brassiere Co., Inc., v. Bromley-Shepard Co., Inc., 49 F.(2d) 482, 18 C. C. P. A. 1294, that extended discussion seems unnecessary.

We hold that the mark is not registrable, and that the opposer clearly showed its right to oppose. The decision of the Commissioner of Patents is reversed.

Reversed.

LENROOT, Associate Judge, concurs in the conclusions.